UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WALTER SCOTT,<br>　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 1:20-CV-20-1147 |
| HOME DEPOT USA, INC.<br>　Defendant. | §<br>§<br>§ | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff WALTER SCOTT files this lawsuit against HOME DEPOT USA, INC., Defendant, arising from an incident resulting in personal injury to the Plaintiff.

**I. PARTIES AND SERVICE**

1. Plaintiff resides in Elgin, Texas.

2. Defendant, HOME DEPOT USA, INC. is a corporation authorized to do business in Texas, incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia. As such, HOME DEPOT USA, INC. is a citizen of the State of Delaware and Georgia. HOME DEPOT USA, INC.'S registered agent for service is Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

3. ISSUANCE and SERVICE of summons over this Defendant is requested at this time.

**II. JURISDICTION**

4. HOME DEPOT USA, INC. is a citizen of the State of Delaware and Georgia. Plaintiff is a citizen of Texas. As such, this Court has original jurisdiction over this cause because

1

the amount in controversy exceeds $75,000.00 and the parties maintain diversity of citizenship. 28 U.S.C. 1332.  Venue is also proper as the incident giving rise to Plaintiff's cause of action occurred within the Austin Division.

### III.  DEFENDANT'S STATUS

5. At all times material to this cause of action, Defendant, owned, possessed, managed, occupied, and maintained the premises known as The Home Depot located at 1517 Town Center Drive Pflugerville, Texas 78660.

### IV. PLAINTIFF'S STATUS

6. At the time of the incident made basis of this suit, Plaintiff was a business invitee at the The Home Depot store located at 1517 Town Center Drive Pflugerville, Texas 78660.  The Home Depot is owned by HOME DEPOT USA, INC., Defendant herein.

### V.  FACTS AND BACKROUND

7. On or about January 8, 2020, as a direct and proximate result of Defendant's negligence, Plaintiff, WALTER SCOTT, was severely injured when he slipped on a foreign substance as he was walking under the portico toward the "Contractor's Entrance" of The Home Depot located at 1517 Town Center Drive, Pflugerville, Texas.

8. Mr. Scott slipped in an oily, greasy substance that had accumulated on the paved area under the portico as he was attempting to enter the store.  Mr. Scott fell to the ground suffering injury. Employees for Defendant were present working under the portico before and when the incident occurred.

9. On information and belief, this substance was residual oil and/or grease left from the vehicles that routinely pull into the portico near the "Contractor's Entrance" of Defendant's premises. The oil and/or grease was especially slippery on the pavement type under the portico on Defendant's premises. As a result of the incident, Plaintiff suffered severe injuries and damages, including but not limited to a fracture of his left leg.

## VI. CAUSE OF ACTION-NEGLIGENCE

10. This is a premises liability case. It is the duty of Defendant as owners, possessors, managers, maintainers, and/or occupiers of the subject property to exercise ordinary care, caution and diligence over said premises and to keep the premises in a reasonably safe condition for Plaintiff and other business invitees. In particular, it is Defendant's duty to exercise reasonable care to prevent a dangerous condition or unreasonable risk of harm on the premises, and/or to exercise ordinary care or to correct such a condition after Defendant knew, or by the exercise of ordinary care should have known, of the dangerous condition or unreasonable risk of harm.

11. Plaintiff's injuries and associated damages occurred as a direct and proximate result of one of more of the following negligent acts or omissions by Defendant:

12. In failing to warn invitees, including Plaintiff, of the dangerous condition or unreasonable risk of harm that was on the pavement under the portico;

13. In failing to maintain the premises, including the area under the portico, in a reasonably safe condition;

14. In permitting a dangerous condition or unreasonable risk of harm to remain under the portico near the "Contractor's Entrance" on the Defendant's premises;

15. In failing to reasonably inspect the premises in order to discover the dangerous condition of and on the pavement under the portico on the Defendant's premises;

16. In failing to correct the dangerous condition or unreasonable risk of harm which was created by the accumulation and/or presence of oil and/or grease on the store premises under the portico;

17. In creating and/or maintaining a hazardous condition on its premises;

18. In failing to warn Plaintiff of the hazardous condition;

19. In failing to remove or eliminate the hazardous condition existing on its premises;

20. In failing to implement and/or enforce policies and procedures to warn, remove, eliminate, or prevent the unreasonable risk of harm described herein; and,

21. Each of these acts and/or omissions, singularly or in combination with others, constitute negligence that proximately caused the incident in question and Mr. Scott's injuries and damages. Defendant is also liable for the acts and omissions of its employees through the doctrine of *respondeat superior*. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff suffered injury to his left leg and body in general. Some of such injuries are, in reasonable probability, permanent in nature. Plaintiff has been physically impaired and, in reasonable probability, will be physically impaired for a long time into the future, if not for the balance of his natural life.

## VII.  DAMAGES

22. Plaintiff would show that as a proximate result of Defendant's negligence, as stated hereinabove, he suffered the following injuries and damages:

    a.    Physical pain and mental anguish in the past;

  b.  Physical pain and mental anguish, which in reasonable probability, he will suffer in the future;

  c.  Medical expenses in the past;

  d.  Medical expenses, which in reasonable medical probability, he will incur in the future;

  e.  Physical impairment in the past;

  f.  Physical impairment, which in reasonable probability, he will suffer in the future;

  g.  Physical disfigurement in the past;

  h.  Physical disfigurement, which in reasonable probability, he will suffer in the future;

  i.  Lost wages in the past; and,

  j.  Loss of wage earning capacity in the future.

23. Each of the injuries and damages were proximately caused by the negligence of the Defendant as stated above and said injuries and damages are in an amount within the jurisdictional limits of the court.

## VIII. PRAYER

24. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial of this cause, he have and recover judgment against the Defendant, for the following:

  a.  Actual and consequential damages;

  b.  Pre-judgment interest at the legal rate;

    c.    Post-judgment interest at the legal rate until the judgment is paid in full;

    d.    For all costs of Court; and,

    e.    For such other and further relief to which Plaintiff is justly entitled, at law and in equity.

25.    PLAINTIFF RESPECTFULLY DEMANDS A JURY TRIAL.

Respectfully submitted,

DeShazo & Nesbitt, LLP

/s/ *Scott F. DeShazo*
Scott F. DeShazo
  State Bar No. 24011414
  sdeshazo@dnaustin.com
Thomas A. Nesbitt
  State Bar No. 24007738
  tnesbitt@dnaustin.com
809 West Avenue
Austin, Texas 78701
(512) 617-5560
(512) 617-5563 Facsimile

**ATTORNEYS FOR PLAINTIFF**